ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| LEANIS RAMÍREZ RIVERA, Peticionaria, v. JUAN CARLOS JIMÉNEZ PÉREZ, Recurrida. | TA2025CE00969 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2025RF00831. Sobre: divorcio, ruptura irreparable. |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

El 29 de diciembre de 2025, la señora Leanis Ramírez Rivera (señora Ramírez), presentó este recurso discrecional de *certiorari*, con el fin de que este Tribunal revise la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 7 de noviembre de 2025, notificada en esa misma fecha. Mediante esta, el foro primario declaró con lugar la solicitud de hogar seguro presentada por la señora Ramírez, pero no en la residencia que ella deseaba, de carácter privativa del recurrido, aunque sí en la residencia ganancial propiedad de ambos.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

I

Los hechos relevantes a la controversia que nos ocupa se remontan al 27 mayo de 2016, fecha en que la señora Ramírez y el señor Juan Carlos Jiménez Pérez (señor Jiménez) otorgaron una escritura de capitulaciones matrimoniales, mediante la cual pactaron que su matrimonio no estaría sujeto al régimen económico de la sociedad legal de bienes gananciales, por lo que habría una absoluta y total separación de sus bienes presentes

y futuros[1]. De este modo, el 29 de mayo de 2016, las partes litigantes del título contrajeron matrimonio, durante el cual procrearon un solo hijo, nacido el 15 de octubre de 2019[2].

Conforme surge del expediente, el 14 de agosto de 2020, el señor Jiménez adquirió, de manera privativa, una propiedad residencial ubicada en la Urbanización San Francisco, en el Municipio de San Juan[3].

Posteriormente, el 30 de enero de 2023, ambas partes otorgaron una escritura mediante la cual decidieron establecer entre ellos la sociedad legal de bienes gananciales, la cual constituiría su régimen económico matrimonial de **manera prospectiva**[4]. Consecuentemente, el 31 de mayo de 2023, el señor Jiménez y la señora Ramírez adquirieron conjuntamente una propiedad residencial ubicada en la Urbanización San Ignacio, en el Municipio de San Juan[5].

Dos años más tarde, el 13 de junio de 2025, la peticionaria presentó una demanda sobre divorcio por la causal de ruptura irreparable contra el señor Jiménez[6]. En ella, solicitó, entre otras cosas, un decreto de hogar seguro sobre la propiedad residencial ubicada en la Urbanización San Francisco, para su beneficio y el de su hijo menor de edad. Como fundamento, precisó que dicha propiedad constituía la residencia familiar al momento de instar la acción que nos ocupa.

Por su parte, el 7 de julio de 2025, el recurrido presentó un escrito intitulado *Contestación a demanda, defensas afirmativas y reconvención*[7]. En lo pertinente, se opuso a la solicitud de hogar seguro, fundamentándose en que la residencia para la cual se solicitaba dicha protección constituía una propiedad privativa de él. Además, afirmó que existía otra propiedad

---

[1] *Véase*, apéndice del recurso, entrada núm. 111, anejo 1, SUMAC TA.

[2] *Íd.*, entrada núm. 15, anejos 2 y 3.

[3] *Íd.*, entrada núm. 111, anejo 3.

[4] *Íd.*, entrada núm. 111, anejo 2.

[5] *Íd.*, entrada núm. 111, anejo 4.

[6] *Íd.*, entrada núm. 1.

[7] *Íd.*, entrada núm. 15.

de carácter ganancial —la propiedad ubicada en la Urbanización San Ignacio— sobre la cual debía y podía concederse tal protección.

Tras numerosos incidentes procesales, el matrimonio fue disuelto mediante sentencia de divorcio el 30 de septiembre de 2025, notificada el 2 de octubre de 2025[8]. En ella, el foro primario dispuso sobre la custodia provisional y la patria potestad del menor de edad. Sin embargo, nada dispuso sobre la solicitud de hogar seguro presentada por la señora Ramírez. No obstante, el foro recurrido señaló una vista evidenciaria para atender los asuntos relacionados a las relaciones paternofiliales provisionales.

El 16 de octubre de 2025, se celebró la vista evidenciaria para dirimir la controversia sobre la ampliación de las relaciones paternofiliales, la cual aprovechó el foro recurrido para atender aquella sobre la presunta vivienda familiar ubicada en la Urbanización San Francisco[9].

Luego de analizar la evidencia presentada y de adjudicar credibilidad, el 7 de noviembre de 2025, el Tribunal de Primera Instancia emitió la resolución objeto de revisión en este recurso[10]. Mediante la misma, declaró sin lugar la petición de hogar seguro sobre la propiedad residencial reclamada por la señora Ramírez, por ser esta privativa del señor Jiménez, y sobre la cual no se había evidenciado la necesidad de arrogarle la protección solicitada. Por ello, el foro primario concluyó que la peticionaria debía desalojar la misma, y reubicarse en la única propiedad perteneciente a la sociedad legal de bienes gananciales en o antes del 31 de diciembre de 2025.

En desacuerdo con la referida determinación, el 24 de noviembre de 2025, la peticionaria presentó una *Solicitud de determinaciones de hechos adicionales y reconsideración de la resolución [148]*[11]. Conforme le fue

---

[8] *Véase*, apéndice del recurso, entrada núm. 101, SUMAC TA.

[9] *Íd.*, entrada núm. 138.

[10] *Íd.*, entrada núm. 148.

[11] *Íd.*, entrada núm. 165.

ordenado por el foro primario, el 17 de diciembre de 2025, el recurrido presentó su correspondiente oposición al escrito de la peticionaria[12]. En la misma fecha, el foro primario emitió una orden, a través de la cual reiteró su determinación previa[13].

Aún inconforme, el 29 de diciembre de 2025, la señora Ramírez presentó este recurso de *certiorari*[14] y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al ordenar que en o antes del 31 de diciembre de 2025, la compareciente y su hijo, de cinco años, desalojen la residencia que constituye el hogar familiar.

> Erró el Tribunal de Primera Instancia al omitir consignar y particularizar sobre la extensión del derecho a hogar seguro decretado en su resolución a los bienes y artículos del menor y de la peticionaria.

Por su parte, el 12 de enero de 2026, el señor Jiménez presentó su oposición a la expedición del recurso.

Evaluados los argumentos de las partes litigantes, a la luz del derecho aplicable, denegamos la expedición del auto de *certiorari*.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal

---

[12] *Véase*, apéndice del recurso, entrada núm. 174.

[13] *Íd.*, entrada núm. 176.

[14] Junto a su recurso, la peticionaria presentó un escrito intitulado *Urgente solicitud en auxilio de jurisdicción y de orden de paralización*, el cual declaramos con lugar mediante nuestra *Resolución* del 30 de diciembre de 2025.

establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

Evaluada la petición de *certiorari*, la oposición a su expedición, así como el tracto procesal de este caso, a la luz del derecho aplicable, este Tribunal concluye que la señora Ramírez no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 215 DPR __ (2025), para expedir el auto de *certiorari*.

IV

En mérito de lo antes expuesto, este Tribunal **deniega** la expedición del auto de *certiorari*. A tenor con lo anterior, dejamos sin efecto nuestra orden sobre la paralización de los procedimientos ante el foro primario.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones